**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

MAY 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> KEITH LAMONT SIMS, <br><br> Defendant - Appellant. | No. 23-1028 <br><br> D.C. No. <br> 2:05-cr-00182-MJP-2 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, Senior District Judge, Presiding

Submitted May 7, 2024[**]
Seattle, Washington

Before: McKEOWN, BEA, and OWENS, Circuit Judges.

Keith Lamont Sims appeals from his twenty-four-month sentence of

supervised release. As the parties are familiar with the facts, we do not recount

them here. Because Sims did not raise his Eighth Amendment claim at the district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court, we review for plain error. *See United States v. Chi Mak*, 683 F.3d 1126, 1133 (9th Cir. 2012). We affirm.

1. The government contends that, under the "invited error" doctrine, Sims waived his argument that his sentence is excessive by requesting a noncustodial sentence. But the case the government relies on, *United States v. Myers*, 804 F.3d 1246 (9th Cir. 2015), is inapposite. In that case, the defendant requested a judge-led settlement conference, then claimed there was improper judicial participation in the plea negotiations because the judge led the settlement conference. *Id.* at 1250. Sims is not challenging the imposition of supervision, which he requested, but the twenty-four-month length of supervision, which he did not request. Accordingly, Sims did not waive his claim.

2. However, Sims's sentence is not excessive. "[A] punishment is 'excessive' and unconstitutional if it (1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the [severity] of the crime." *Coker v. Georgia*, 433 U.S. 584, 592 (1977) (referencing *Gregg v. Georgia*, 428 U.S. 153 (1976)).

Sims contends that his sentence is excessive under the first prong of *Coker*. While he is correct that a district court "may not impose a revocation sentence *solely*, or even primarily, based on the severity of the new criminal offense

23-1028

underlying the revocation," *United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007), there is no indication that the district court relied on an improper purpose here. Sims points to comments made by the district court when it revoked his supervised release in 2016 and 2019. But those past revocations are not on appeal, and any comments made during those revocations are irrelevant in assessing the purpose for this latest revocation.

Nothing indicates that the district court ordered the sentence here to punish Sims for the conduct underlying the revocation (assaulting his wife). At Sims's revocation hearing, the court ordered the sentence "largely because of the input from the probation officer" that Sims was not performing well on supervised release. The court told Sims that it saw "the potential in [him] for getting this thing straight" and "[knew] he [could] do it." At the government's urging, and because of Sims's history of abusing women, the court included the no-contact order— which Sims does not appeal—but denied the government's request for domestic violence treatment, leaving that to the state court handling the underlying assault charge. Contrary to Sims's contention that he "cannot be expected to understand why he is still serving supervision 20 years later," Sims has repeatedly acknowledged that he understands why he is facing revocation of release and a new sentence of supervision. Sims falls far short of showing the "clear or obvious" error needed for plain error review. *Chi Mak*, 683 F.3d at 1133 (quoting *Puckett v.*

*United States*, 556 U.S. 129, 135 (2009)).

Sims next argues that his sentence is disproportionate and is therefore excessive under the second prong of *Coker*. "[T]he Eighth Amendment contains a 'narrow proportionality principle,' that 'does not require strict proportionality between crime and sentence' but rather 'forbids only extreme sentences that are "grossly disproportionate" to the crime.'" *Graham v. Florida*, 560 U.S. 48, 59-60 (2010) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 997, 1001 (1991) (Kennedy, J., concurring in part and concurring in judgment)). The threshold inquiry is whether a comparison of "the gravity of the offense and the severity of the sentence . . . 'leads to an inference of gross disproportionality.'" *Id.* at 60 (quoting *Harmelin*, 501 U.S. at 1005 (Kennedy, J., concurring in part and concurring in the judgment)).

Sims fails the threshold inquiry. He contends that his new supervision term is grossly disproportionate to his 2006 conviction for passing bad checks. However, the supervision term he challenges here was imposed not because of Sims's 2006 conviction but because Sims violated the conditions of his supervision by assaulting his wife. Sims does not cite any case ruling that a two-year term of supervised release is a grossly disproportionate sentence for violating supervision by committing domestic violence. The Supreme Court has consistently upheld much longer and more serious sentences for offenses arguably more minor than the

offense here. *See, e.g.*, *Ewing v. California*, 538 U.S. 11, 28-31 (2003) (upholding a sentence of twenty-five years to life in prison for stealing golf clubs under California's three strikes law). Thus, Sims again falls short of showing plain error. *See Chi Mak*, 683 F.3d at 1133.

**AFFIRMED.**